**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PAULA MACKENZIE, | ) |
|     Plaintiff | ) ) **Case No.:** |
| v. | ) |
| GLOBAL CREDIT & COLLECTION CORPORATION, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** ) |
|     Defendant | ) **(Unlawful Debt Collection Practices)** ) |

## **COMPLAINT**

PAULA MACKENZIE ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GLOBAL CREDIT & COLLECTION CORPORATION ("Defendant"):

## **INTRODUCTION**

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## **JURISDICTION AND VENUE**

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Gardner, Massachusetts, 01441.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with corporate headquarters located at 300 International Drive, PMB 10015, Williamsville, New York, 14221.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

PLAINTIFF'S COMPLAINT

**FACTUAL ALLEGATIONS**

15.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16.     The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17.     Beginning on or around August 23, 2010 and continuing until September 2010, Defendant, its agents, employees, and servants, engaged in debt collection activities seeking payment from Plaintiff.

18.     Defendant and its employees identified as "David" and "Larry," harassed Plaintiff in an attempt to collect the alleged debt.

19.     Defendant, its employees and servants harassed Plaintiff by making continuous calls to her home telephone number.

20.     Plaintiff received phone calls and voice messages from Defendant on a number of occasions from the following phone numbers (905) 413-8517, (905) 413-8577, (877) 234-1838. The undersigned has confirmed that these numbers belong to Defendant.

21.     Defendant placed repeated calls to Plaintiff's telephone almost every day, causing Plaintiff to receive, at times, more than two (2) collection calls a day and at times, more than four (4) collection calls a day.

22.     Defendant placed repeated calls to Plaintiff's telephone almost every day, causing Plaintiff to receive, at times, more than twenty (20) collection calls a month.

23.     On August 23, 2010, a representative of Defendant called Plaintiff and informed her that she owed an alleged debt for a Capital One account.

24.     Defendant's representative refused to provide Plaintiff with the name of the company he worked for.

25.   Plaintiff tried to explain to Defendant's representative that she had been on a monthly payment plan with Capital One.

26.   Defendant's representative told Plaintiff that the payment plan she had been on was not acceptable, Plaintiff was irresponsible and she could face losing her job and home if the alleged debt was not paid.

27.   During this same call, Defendant's representative spoke with Plaintiff's husband and advised him that Plaintiff was a liar and he should not believe anything Plaintiff tells him.

28.   On August 25, 2010, a representative of Defendant contacted Plaintiff's minor son and asked to speak with Plaintiff.

29.   Plaintiff's son informed Defendant's representative that Plaintiff was unable to come to the telephone.

30.   Defendant's representative began screaming at Plaintiff's son, telling him: "to go get [his] mother."

31.   On September 2, 2010, Plaintiff received a voice message from a representative of Defendant stating that Plaintiff was to "call back immediately" and that there was "no excuse" as to why Plaintiff has not made contact with Defendant.

32.   On September 27, 2010, Plaintiff received correspondence from Defendant dated September 20, 2010, seeking and demanding payment of $5,262.87 for an alleged Capital One account. See Exhibit "A," Defendant's September 20, 2010 letter.

33.   Defendant's September 20, 2010, letter states: "we are sending you this notice to advise you that if we are not able to resolve this situation, your account may be referred to an attorney in your area for review." See Exhibit "A."

34.   To date, despite threats to the contrary, Defendant has not filed a lawsuit or taken other legal action against Plaintiff, thereby indicating it did not intend to take the action

previously threatened.

35. Five (5) days after the initial communication with Defendant back on August 23, 2010, Plaintiff had not received a letter notifying her of her rights and privileges under the law, specifically the right to dispute and/or request verification of the alleged debt.

36. As a result of Defendant's harassment, Plaintiff hired legal counsel.

37. On October 8, 2010, the undersigned counsel for Plaintiff sent Defendant a cease and desist letter, informing Defendant that any further communication toward Plaintiff must stop. See Exhibit "B," cease and desist letter.

38. Upon information and belief, Defendant continued to attempt to collect the debt even after it had been notified that Plaintiff was represented by legal counsel.

39. Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

40. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

41. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the

Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

42. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

43. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant violated the FDCPA generally;

   b. Defendant violated § 1692c(a)(2) of the FDCPA by contacting Plaintiff with knowledge that Plaintiff was represented by counsel;

   c. Defendant violated § 1692c(c) of the FDCPA by contacting Plaintiff after notification to cease communications with Plaintiff;

   d. Defendant violated § 1692d of the FDCPA by harassing Plaintiff in

connection with the collection of an alleged debt;

    e. Defendant violated § 1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

    f. Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    g. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken;

    h. Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

    i. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

    j. Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt;

    k. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, PAULA MACKENZIE, respectfully pray for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PAULA MACKENZIE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 06/15/11          KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel

Craig Thor Kimmel
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 778-2864
Email: kimmel@creditlaw.com